**UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

MAURICE RICARDO PETERSON,

      Petitioner,

v.                            Case No.  4:20-cv-395-MW-MJF

RICKY D. DIXON,[1]

      Respondent.

_____/

**ORDER and
REPORT AND RECOMMENDATION**

      This habeas case, filed under 28 U.S.C. § 2254, is before the court on Petitioner's "Motion for Default." Doc. 28. Petitioner contends that he is entitled to "a quasi default" against the Respondent because he failed to timely respond to Petitioner's amended petition. *Id*. at 1. The undersigned concludes that Petitioner's motion should be denied summarily for two reasons.[2]

---

[1] Ricky D. Dixon succeeded Mark Inch as Secretary of the Florida Department of Corrections, and is automatically substituted as the Respondent. Fed. R. Civ. P. 25(d).

[2] The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(B); *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b).

First, "default judgment is not contemplated in habeas corpus cases." *Aziz v. Leferve*, 830 F.2d 184, 187 (11th Cir. 1987); *see also Bermudez v. Reid*, 733 F.2d 18, 21-22 (2d Cir. 1984); *Broussard v. Lippman*, 643 F.2d 1331, 1134 (5th Cir. 1981); *Allen v. Perini*, 424 F.2d 134, 138 (6th Cir. 1970).

Second, even if default judgments were contemplated, Petitioner's motion for entry of default is without merit. Respondent timely responded to Petitioner's amended petition. *See* Doc. 26.

Accordingly, it is **ORDERED** that:

1.  The clerk of the court shall change the docket to reflect that Ricky D. Dixon has been substituted as the Respondent in this action.

In addition, for the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

1.      Petitioner's "Motion for Default," Doc. 28, be **DENIED**.

2.      This case be returned to the undersigned for further proceedings.

At Pensacola, Florida, this 29th day of April, 2022.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

## NOTICE TO THE PARTIES

Page 2 of 3

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.**