UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

MAURICE RICARDO PETERSON,

    Petitioner,

v.                                                         Case No.  4:20-cv-395-MW-MJF

RICKY D. DIXON,

    Respondent.
_____/

## SECOND REPORT AND RECOMMENDATION

Petitioner Maurice Ricardo Peterson has filed an amended petition for writ of habeas corpus under 28 U.S.C. § 2254. Doc. 22. Respondent ("the State") answered, Doc. 26, providing relevant portions of the state-court record, Docs. 16, 26. Peterson replied. Doc. 27. The undersigned concludes that no evidentiary hearing is required for the disposition of this matter, and that Peterson is not entitled to habeas relief.[1]

### I. Background Facts and Procedural History

On October 8, 2002, Peterson was convicted of three crimes in Gadsden County Circuit Court Case No. 2002-CF-75: (1) Carjacking, (2) Robbery With a

---

[1] The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(B); *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b).

Weapon and (3) Kidnapping to Facilitate a Felony. Doc. 16, Ex. A at 18-20 (Verdict), 21-27 (J. & Sentence).[2] The trial court sentenced Peterson on each count to concurrent terms of 15 years of imprisonment followed by 10 years on probation. Ex. A at 21-27. In Florida, this is known as a "probationary split sentence" as distinguished from a "true split sentence." *Franklin v. State*, 545 So. 2d 851, 852 (Fla. 1989).[3] The Florida First District Court of Appeal ("First DCA") affirmed the judgment *per curiam* and without written opinion. *Peterson v. State*, 866 So. 2d 1215 (Fla. 1st DCA 2004) (Table).[4]

On April 29, 2015, after having served 12 years, 6 months and 18 days on the incarceration portion of his sentence, Peterson was released from state prison and began serving his term of probation. Ex. M at 66. Peterson then violated the terms of his probation.

---

[2] Unless noted otherwise, citations to the state court record are to the electronically-filed exhibits attached to the State's initial answer. Doc. 16. The court cites the lettered exhibit followed by the page number according to the Bates stamp number at the bottom center of the page.

[3] "[A] 'probationary split sentence,' occurs when the judge sentences a defendant to a period of incarceration followed by a period of probation or any form of community control." *Franklin*, 545 So. 2d at 852. "[A] 'true split sentence,' occurs when the judge sentences the defendant to incarceration but suspends a portion of the term." *Id*. at 852.

[4] Peterson's direct appeal raised one issue: "The Trial [Court] Erred in Admitting the Testimony of Deputy Dolan as an Exception to the Hearsay Rule." Ex. D.

Peterson was appointed counsel for the probation revocation proceeding, and negotiated a plea agreement with the State. Ex. M at 75-76 ("Plea/Admission to a Violation of Probation/Community Control and Acknowledgement of Rights Form"). Pursuant to the plea agreement, Peterson entered an admission to willfully and substantially violating the terms of his probation, with the understanding that: (a) his probation would be revoked and terminated; (2) he would be sentenced on each count to concurrent terms of 9 years of imprisonment; (3) he would receive a total of 344 days credit for time served; and (4) this VOP sentence would run coterminous with his sentence in Leon County Circuit Court Case No. 2017-CF-0210.

On June 6, 2018, the trial court accepted Peterson's plea/admission, found that he willfully violated his probation, revoked and terminated his probation, and sentenced him consistent with the plea agreement. Ex. M at 68-74 (VOP J. & Sentence); *see also* Ex. M at 45 (Order of Revocation of Probation). Peterson did not appeal the VOP judgment. *See* Ex. L (copy of Docket Sheet).

In 2019, Peterson filed several *pro se* motions under Florida Rule of Criminal Procedure 3.800(a) to correct an illegal sentence. Ex. M at 4-25. Peterson argued that he was entitled to additional credit on his VOP sentence for the 12 years, 6 months and 18 days he served in state prison on the incarceration portion of his

original sentence. *Id*. The state circuit court summarily denied these motions on state-law grounds, explaining:

> Defendant's motion to correct illegal sentence alleges that he is entitled to prison credit for the 12 years, 6 months and 18 days served on the incarcerative portion of his original split sentence against the sentence imposed upon revocation of probation. A defendant sentenced to a probationary split sentence who violates probation and is resentenced to prison is entitled to credit for all time actually served in prison prior to his release on probation unless such credit is waived. *Scharman v. Crews*, 123 So. 3d 147, 149 (Fla. 1st DCA 2013); *Dortly v. State*, 107 So. 3d 1229, 1230 (Fla. 1st DCA 2013). However, a claim for prison credit can be denied when the post-violation sentence is the result of a negotiated plea agreement, and granting the credit would negate the agreed-upon sentence. *Id*.
>
> At sentencing, Defendant was awarded 344 days credit for time served but was not awarded prior prison credit. *Judgment & Sentence – Exh 1*. Notably, there is no clear indication shown on the record that Defendant voluntarily and explicitly waived credit for time served on his original split sentence. Nonetheless, the Court finds that Defendant is not entitled to any credit because there was a negotiated plea agreement in this case. *Plea & Acknowledgement of Rights – Exh.2*.

Ex. M at 66-76. The First DCA affirmed *per curiam* and without written opinion. *Peterson v. State*, 295 So. 3d 726 (Fla. 1st DCA 2020) (Table) (copy at Ex. P).

On October 13, 2020, Peterson filed a Notice of Inquiry with the state circuit court alerting the court to a prior Rule 3.800(a) motion he filed in 2017. Ex. R at 145-47. Peterson's Rule 3.800(a) motion filed in 2017 claimed that he was denied a fair trial on the original charges in 2002, because the jury consisted of 6 members and the verdict was not unanimous. Ex. R at 5-9. Peterson also claimed that trial

counsel failed to protect his right to a fair trial in that regard. *Id*. On October 21, 2020, the state circuit court denied relief. The court determined that Peterson's trial-error claims were not cognizable under Rule 3.800(a) because they could or should have been raised on direct appeal. Ex. R at 148-49. The court determined that Peterson's ineffective-assistance claim was not cognizable under Rule 3.800(a) because it could or should have been raised in a Rule 3.850 motion and, even if so construed, was untimely. *Id*. at 148-49. The First DCA affirmed *per curiam*, as follows:

> Appellant challenges the legitimacy of his conviction based on jury deliberations. Florida Rule of Criminal Procedure 3.800 is "not the correct procedural vehicle for attacking the merits of an underlying criminal conviction." *Echeverria v. State*, 949 So. 2d 331, 335 (Fla. 1st DCA 2007). Accordingly, the postconviction court correctly determined that the claims in the instant motion are not cognizable in a rule 3.800 motion. AFFIRMED.

*Peterson v. State*, 315 So. 3d 156 (Fla. 1st DCA 2021).

Peterson filed his *pro se* federal habeas petition on August 3, 2020, which he later amended. Doc. 1; Doc. 22. Peterson's amended petition raises six claims, all of which are labeled "Pre-Sentence[d] Prison Credit." Doc. 22 at 9-15.[5] All of Peterson's claims challenge the VOP trial court's failure to award credit on his VOP

---

[5] Citations to page numbers of the petition are to page numbers of the original document.

sentence for the time he spent in prison on the incarceration portion of his original sentence. *Id*.

## II. PETERSON'S CLAIMS FOR HABEAS RELIEF

**Ground One**. Peterson alleges that he is entitled to credit on his VOP sentence for prison time served prior to his release on probation, and that the trial court's failure to award him that credit deprived him of his federal constitutional rights to due process and equal protection. Doc. 22 at 11 & Mem. at 1.

**Ground Two**. Peterson maintains that he stated a facially sufficient claim for entitlement to prison credit, and that the trial court failed to attach portions of the record conclusively refuting his claim, in violation of his constitutional rights to due process and equal protection. Doc. 22 at 11 & Mem. at 2.

**Ground Three**. Peterson claims that the record does not indicate that he voluntarily and explicitly waived his right to prison credit, and that without such waiver the denial of prison credit violates his constitutional rights to due process and equal protection. Doc. 22 at 13 & Mem. at 2-3.

**Ground Four**. Peterson alleges that he "never signed a contract plea agreement waiveing [sic] his rights to all prior prison credit," and that the trial court's failure to attach proof of such waiver to its order denying him credit violates his

constitutional rights to due process and equal protection. Doc. 22 at 15 & Mem. at 3.

**Ground Five**. Peterson reiterates the same facts as Grounds 1-4, and claims that Florida state law requires that he be awarded prison credit. Doc. 22, Mem. at 4-5.

**Ground Six**. Peterson references the recording of his plea colloquy at the VOP hearing, which the State produced in response to his Rule 3.800(a) motions. Doc. 22, Mem. at 5; *see also* Ex. M at 37-38, 47-48 (State's Resp. & Ex.).[6] The State's response described these statements that were made concerning sentence credit:

> **Judge Hobbs**: "Is there anything further?"
>
> **ASA Hailey**: "Um, yes, Judge. As far as it goes, um, I think that there was an issue that we wanted to clear up with his credit. It looks like he has 245 days in the Leon County Jail and as far as the plea agreement, we would stipulate that he would have 245 days."
>
> **APD Porche**: "That is included in the 344 days. It's that 245 days which he had in February."
>
> **ASA Hailey**: "Okay, I just want to make sure that it's included, that way there's no issues as to what his credit actually is."

---

[6] The State explains in its answer to Peterson's habeas petition that because Peterson did not appeal his VOP judgment, the recording of his VOP plea and sentencing hearing was not transcribed. Doc. 26 at 3 n.2.

> **Judge Hobbs**: "Okay, so Mr. Peterson, are you aware of any more incarcerative time that you have other than the 344 days?"
>
> Defendant: "No ma'am."

Ex. M at 37-38. Peterson's habeas petition then quotes from a passage in *Robinson v. State*, 827 So. 2d 345, 346 (Fla. 4th DCA 2002), and claims that the language applies equally to this case. Doc. 22, Mem. at 5-6.

### III. THE STATE'S RESPONSE TO PETERSON'S PETITION

The State asserts that Peterson's claims should be denied for three reasons: (1) Peterson's claims are not cognizable on federal habeas review because they raise purely state-law issues; (2) to the extent Peterson's claims allege the denial of due process and equal protection, such federal claims are unexhausted and procedurally defaulted because Peterson did not fairly present the federal constitutional nature of his claims to the state courts; and (3) Peterson's claims lack merit. Doc. 26.

Peterson's reply reargues the merits of his claims. Doc. 27.

### IV. DISCUSSION

**A.    Peterson's Claims Are Not Cognizable on Federal Habeas Review**

Federal habeas relief is available to correct only constitutional injury. 28 U.S.C. § 2254(a); *Swarthout v. Cooke*, 562 U.S. 216, 219 (2011) ("The habeas statute unambiguously provides that a federal court may issue a writ of habeas corpus to a state prisoner only on the ground that he is in custody in violation of the

Constitution or laws or treaties of the United States." (internal quotation marks and citations omitted)). "In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 68 (1991).

"The writ of habeas corpus was not enacted to enforce State-created rights." *Cabberiza v. Moore*, 217 F.3d 1329, 1333 (11th Cir. 2000); *Estelle*, 502 U.S. at 67-68 ("We have stated many times that federal habeas corpus relief does not lie for errors of state law. . . . [I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."); *Tejada v. Dugger*, 941 F.2d 1551, 1560 (11th Cir. 1991) ("Questions of state law [and procedure] rarely raise issues of federal constitutional significance, because a state's interpretation of its own laws provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved." (internal quotation marks and citation omitted)).

Particularly with regard to sentencing issues, the Eleventh Circuit has recognized that federal courts cannot review a state's alleged failure to adhere to its own sentencing provisions. *Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1988) ("[W]e consistently have held that federal courts cannot review a state's alleged failure to adhere to its own sentencing procedures."). "This limitation on federal

habeas review is of equal force when a petition, which actually involves state law issues, is couched in terms of equal protection and due process." *Id.* at 1508.

All of Peterson's claims challenge the state court's denial of credit for time he served in prison on the incarceration portion of his original sentence. These claims are not cognizable on federal habeas review, because they involve a purely state-law issue. This is true despite Peterson's having couched the sentence-credit issue in terms of due process and equal protection. Peterson alleges no facts indicating that a due process or equal protection violation occurred. *See Branan*, 861 F.2d at 1508.[7]

Peterson fares no better to the extent he claims that he was denied due process in his state collateral proceeding because the state court failed to attach portions of the record conclusively refuting his sentence-credit claim. A prisoner's challenge to the process afforded him in a state postconviction proceeding does not state a cognizable claim for habeas corpus relief. *See Alston v. Dep't of Corr., Fla.*, 610 F.3d 1318, 1326 (11th Cir. 2010) (holding that habeas petitioner's challenge to state postconviction proceeding—the state court's ruling that he waived his state

---

[7] "A petitioner's claim that his sentence exceeds the maximum authorized by state law properly falls within the scope of federal habeas corpus review because the eighth amendment bars a prison sentence beyond the legislatively created maximum." *Graber v. Sec'y, Dep't of Corr.*, 417 F. App'x 882, 883 (11th Cir. 2011) (internal quotation marks and citations omitted). Peterson does not claim that his sentence exceeds the statutory maximum.

collateral proceedings—was not cognizable on federal habeas review). The Eleventh Circuit explained in *Alston*:

> Federal habeas relief is available to remedy defects in a defendant's conviction and sentence, but "an alleged defect in a collateral proceeding does not state a basis for habeas relief." *Quince v. Crosby*, 360 F.3d 1259, 1262 (11th Cir. 2004); *see also Carroll v. Sec'y, DOC*, 574 F.3d 1354, 1365 (11th Cir. 2009) (collecting cases), *cert. denied*, –- U.S. –-, 130 S. Ct. 500, 175 L. Ed. 2d 355 (2009). There is a valid reason behind this principle: "[A] challenge to a state collateral proceeding does not undermine the legality of the detention or imprisonment—i.e., the conviction itself—and thus habeas relief is not an appropriate remedy." *Carroll*, 574 F.3d at 1365. Furthermore, such challenges often involve issues of state law, and "[a] state's interpretation of its own laws or rules provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved." *McCullough v. Singletary*, 967 F.2d 530, 535 (11th Cir. 1992).

610 F.3d at 1325-26; *see also Spradley v. Dugger*, 825 F.2d 1566, 1568 (11th Cir. 1987) (holding that habeas petitioner's claim that errors in state postconviction proceeding violated his right to due process did not state a basis for habeas relief because the claim "[went] to issues unrelated to the cause of petitioner's detention.").

Because none of Peterson's claims are cognizable on federal habeas review, his amended petition should be denied.

**B.** **<u>Peterson's Federal Claims Are Unexhausted and Procedurally Defaulted</u>**

Even if one or more of Peterson's habeas claims were deemed to raise an issue of constitutional dimension, any federal claim is procedurally defaulted. Before

seeking federal habeas relief under § 2254, the petitioner must exhaust all available state court remedies for challenging his conviction, 28 U.S.C. § 2254(b)(1), thereby giving the State the "'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (quoting *Picard v. Connor*, 404 U.S. 270, 275 (1971)). "To satisfy the exhaustion requirement, the petitioner must have fairly presented the substance of his federal claim" to the state's highest court, either on direct appeal or on collateral review. *Picard*, 404 U.S. at 277-78; *Castille v. Peoples*, 489 U.S. 346, 351 (1989); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.").

A petitioner "fairly" presents the substance of his federal claim when he describes the claim "such that [the state courts] are permitted the 'opportunity to apply controlling legal principles to the facts bearing upon his constitutional claim.'" *Kelley v. Sec'y Dep't of Corr.*, 377 F.3d 1317, 1344 (11th Cir. 2004) (quoting *Picard*, 404 U.S. at 277); *French v. Warden, Wilcox State Prison*, 790 F.3d 1259, 1270-71 (11th Cir. 2015) (reaffirming that a habeas petitioner must "present his claims to the state court 'such that a reasonable reader would understand each claim's particular legal basis and specific factual foundation.'" (quoting *Kelley*, 377 F.3d at 1344-45)).

"The ground relied upon must be presented face-up and squarely; the federal question must be plainly defined." *Kelley* at 1345.

When a petitioner fails to exhaust his claim and the state court remedy no longer is available, that failure to exhaust is a procedural default. *O'Sullivan*, 526 U.S. at 839-40; *see also Bailey v. Nagle*, 172 F.3d 1299, 1303 (11th Cir. 1999) (holding that when a petitioner fails to properly exhaust a federal claim in state court, and it is obvious that the unexhausted claim now would be procedurally barred under state law, the claim is procedurally defaulted). "The doctrine of procedural default was developed as a means of ensuring that federal habeas petitioners first seek relief in accordance with established state procedures." *Judd v. Haley*, 250 F.3d 1308, 1313 (11th Cir. 2001).

A petitioner seeking to overcome a procedural default must "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). To satisfy the miscarriage of justice exception, the petitioner must show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Schlup v. Delo*, 513 U.S. 298, 327 (1995). "To establish the requisite probability, the

petitioner must show that it is more likely than not that no reasonable juror would have convicted him." *Schlup*, 513 U.S. at 327.

> [A] substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare. To be credible, such a claim requires [a] petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that that was not presented at trial.

*Schlup*, 513 U.S. at 327.

Peterson's Rule 3.800(a) motions and appeal presented Peterson's sentence-credit claims as purely state-law issues. Ex. M at 4-25; Ex. N. Peterson's pleadings relied exclusively on state-law cases to argue that he was entitled to credit under state law. Peterson did not allege that the failure to award him sentence credit violated his federal constitutional rights to due process and equal protection. Peterson did not mention the Constitution, any provision of federal law, any federal case, or any federal standard. The state court addressed Peterson's claims solely under state-law principles. Ex. M at 66-76.[8]

Because Peterson did not fairly present a federal constitutional claim to the state courts, his present federal claims concerning the denial of sentence credit are

---

[8] The First DCA's unexplained decision affirming the circuit court's denial of relief is presumed to have rested on the same reasoning. *See Wilson v. Sellers*, 584 U.S. ___, 138 S. Ct. 1188, 1192 (2018).

unexhausted and procedurally defaulted. *See, e.g., Kelley* at 1344-45; *French*, 790 F.3d at 1270-71 (habeas petitioner did not fairly present to the state court his Sixth Amendment Confrontation Clause claim; petitioner's direct appeal brief cited only state law and discussed Georgia's specific procedure for admitting evidence of prior false allegations; petitioner's bare mention of the word "confrontation" did not fairly present a federal Confrontation Clause claim); *McNair v. Campbell*, 416 F.3d 1291, 1301-04 (11th Cir. 2005) (habeas petitioner did not fairly present to the state courts his Sixth Amendment claim concerning the jury's consideration of extraneous evidence; petitioner's state-court filings argued only that the jury's consideration of the evidence violated state law; the petitioner did not mention the federal standard or cite any federal case dealing with extraneous evidence).

Peterson fails to make any of the requisite showings to excuse his procedural default. Peterson's procedural default bars federal habeas review of his claims.

## V. CERTIFICATE OF APPEALABILITY IS NOT WARRANTED

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." 28 U.S.C. § 2254 Rule 11(a). A timely notice

of appeal must still be filed, even if the court issues a certificate of appealability. *See* 28 U.S.C. § 2254 Rule 11(b).

"[Section] 2253(c) permits the issuance of a COA only where a petitioner has made a 'substantial showing of the denial of a constitutional right.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting 28 U.S.C. § 2253(c)). "At the COA stage, the only question is whether the applicant has shown that 'jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" *Buck v. Davis*, 580 U.S. ___, 137 S. Ct. 759, 774 (2017) (quoting *Miller-El*, 537 U.S. at 327). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (emphasis added). Here, Petitioner has not made the requisite demonstration. Accordingly, the court should deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." 28 U.S.C. § 2254 Rule 11(a). If there is an objection to this recommendation by either party, that party may bring such argument to the attention of the district judge in the objections permitted to this report and recommendation.

## VI. CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

1. The amended petition for writ of habeas corpus, Doc. 22, challenging the judgment and sentence in *State of Florida v. Maurice Peterson*, Gadsden County Circuit Court Case No. 2002-CF-75, be **DENIED**.

2. The District Court **DENY** a certificate of appealability.

3. The clerk of court close this case file.

At Pensacola, Florida, this 17th day of May, 2022.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. Any different deadline that may appear on the**

**electronic docket is for the court's internal use only and does not control.** **An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636.**